# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 97-1126 and 97-1220

_____

| | | |
|---|---|---|
| Lori A. Todd, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ortho Biotech, Inc., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  December 16, 1998

Filed:  April 30, 1999

_____

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Lori Todd, a former sales representative for Ortho Biotech, Inc. ("Ortho"), was sexually assaulted by James Moreland, Ortho's Director of Trade Relations, while attending Ortho's 1992 national sales meeting in Boston.  Todd sued Ortho, claiming Moreland's assault constituted a hostile work environment violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (1988), and actionable sexual harassment under the Minnesota Human Rights Act, MINN. STAT. §§ 363.01 *et seq.*  A jury found Ortho liable under Title VII, and the court imposed additional damages under the state law claim.  Ortho appealed.  Based upon the jury's finding

that Ortho took prompt and effective remedial action after learning of the assault, we reversed. See Todd v. Ortho Biotech, Inc., 138 F.3d 733 (8th Cir. 1998). Todd petitioned the Supreme Court for a writ of certiorari, and that Court vacated our judgment and remanded for further consideration in light of newly decided Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998), and Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998). See Todd v. Ortho Biotech, Inc., 119 S. Ct. 33 (1998) (mem.). At our request, the parties submitted supplemental briefs in which Ortho argues we should reinstate our prior judgment because the new standard of Ellerth and Faragher does not apply, and Todd argues the new standard does apply and requires that we now affirm. For the following reasons, we remand Todd's Title VII hostile work environment claim to the district court for further proceedings.

## I. The Title VII Claim.

In Ellerth and Faragher, the Supreme Court articulated a new standard for determining when a supervisor's sexual harassment subjects the employer to hostile work environment liability under Title VII:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Ellerth, 118 S. Ct. at 2270. This holding overrules the Eighth Circuit standard we applied in Todd, 138 F.2d at 736, at least in some situations.

**A.** To determine the impact of <u>Ellerth</u> and <u>Faragher</u> on our initial decision, we must first consider whether the new <u>Ellerth</u>/<u>Faragher</u> standard applies to the facts of this case. That question is problematic for at least two reasons.

**1.** In deciding <u>Todd</u>, 733 F.3d at 736, this court assumed, as did Ortho, that a single severe act of sexual harassment can, without more, constitute a hostile work environment that is actionable under Title VII. Neither the Supreme Court nor this court has squarely addressed this issue, and portions of the opinions in <u>Ellerth</u> and <u>Faragher</u> cast doubt on its resolution. The Supreme Court's new affirmative defense was adopted to avoid "automatic" employer liability and to give credit to employers who make reasonable efforts to prevent and remedy sexual harassment. <u>See</u> <u>Faragher</u>, 118 S. Ct. at 2291-92. But that defense, adopted in cases that involved ongoing sexual harassment in a workplace, may not protect an employer from automatic liability in cases of single, severe, unanticipatable sexual harassment unless, for example, the harassment does not ripen into an actionable hostile work environment claim until the employer learns that the harassment has occurred and fails to take proper remedial action. <u>Cf</u>. <u>Indest v. Freeman Decorating, Inc.</u>, 164 F.3d 258, 265 (5th Cir. 1999). Though this is an issue of law, it is the kind of issue that is more properly addressed by the district court in the first instance.

**2.** The new <u>Ellerth</u>/<u>Faragher</u> vicarious liability standard is limited to cases of harassment by a "supervisor with immediate (or successively higher) authority over the employee." The Court did not further explain what it meant by "supervisor." Ortho argues that Moreland was not a supervisor under <u>Ellerth</u> and <u>Faragher</u> because he was not in Todd's "chain of command" at the time of the assault. Todd responds that Moreland had retained supervisory authority over Todd and, at any rate, appeared to Todd to possess such authority. The contours of the term "supervisor" as used in the new <u>Ellerth</u>/<u>Faragher</u> standard is another question more appropriately addressed by the district court in the first instance.

**B.** Assuming the new Ellerth/Faragher standard applies to this case, there are fact questions that we cannot answer on the present record and that prevent us from deciding, as a matter of law, which side should prevail.

**1.** The district court's vicarious liability instruction did not accurately forecast the new Ellerth/Faragher standard. The court instructed:

> An employer is liable for the sexual harassment committed by its supervisor if the supervisor used his actual or apparent authority to further the harassment, or if he was otherwise aided in accomplishing the harassment by the existence of his supervisory powers. . . . Apparent authority means such authority as an employer knowingly permits a manager to assume, or which it holds the manager out as possessing; such authority as the manager appears to have by reason of his or her actual authority; or such authority as a reasonably prudent person, using diligence and discretion, would naturally suppose the manager to possess.

In Ellerth and Faragher, the Supreme Court stated that "[a]pparent authority analysis therefore is inappropriate in this context." Ellerth, 118 S. Ct. at 2268. Because the jury may have found Ortho liable for Moreland's harassment solely by reason of his apparent authority, we cannot conclude that the jury's verdict was tantamount to a finding of liability under Ellerth and Faragher. On the other hand, had the jury been properly instructed in accordance with the new standard, the evidence appears sufficient to support a verdict in Todd's favor. Thus, Ortho is entitled to a new trial, but not judgment as a matter of law, on this issue.

**2.** The district court's instructions did not ask the jury whether Ortho proved the Ellerth/Faragher affirmative defense, an essential component of the new standard. The jury found that Ortho took timely and effective action in response to Moreland's assault, the affirmative defense under prior Eighth Circuit law. Because the law has changed dramatically on this key issue, our review of the present record does not

-4-

reveal whether a reasonable jury could have found for Ortho on the new affirmative defense. In these circumstances, the appropriate disposition is to remand for a new trial. See Hill v. International Paper Co., 121 F.3d 168, 177 (5th Cir. 1997).

This survey of certain issues is intended only to illustrate why Todd's Title VII hostile work environment claim must be remanded. Our discussion should not be read as dictating a particular resolution of these issues, nor does it foreclose the parties from raising on remand additional issues concerning the proper application of Ellerth and Faragher to this case.

## II. The State Law Claim.

Though Minnesota courts often look to Title VII case law in applying the Minnesota Human Rights Act, our prior decision granting Ortho judgment as a matter of law on Todd's state law claim was based upon a Minnesota statute that defines sexual harassment as requiring proof that "the employer knows or should know of the existence of the harassment and fails to take timely and appropriate action." MINN. STAT. § 363.01, subd. 41(3). If presented with this case, we conclude the Minnesota Supreme Court would apply the plain language of that statute, rather than the contrary standard of Ellerth and Faragher. Therefore, we adhere to our prior decision that Ortho is entitled to judgment as a matter of law on Todd's state law claim.

## III. Conclusion.

The judgment of the district court is reversed and the case is remanded to the district court (a) for further proceedings not inconsistent with this opinion on Lori Todd's Title VII claim for hostile work environment sexual harassment, and (b) with instructions to dismiss Ms. Todd's sexual harassment claim under the Minnesota Human Rights Act. The district court's order awarding attorneys' fees is vacated.

RICHARD S. ARNOLD, Circuit Judge, concurring in the judgment.

I agree that a remand is appropriate in this case, at least to allow the employer to try to prove the new affirmative defense established by the recent Supreme court opinions in Ellerth and Faragher. There are a few other aspects of today's opinion, however, with which I am not in entire agreement, and I desire to add a few words of explanation.

First, I have no doubt that a single severe act of sexual harassment can amount to a hostile work environment actionable under Title VII. I see nothing in Ellerth or Faragher to negative this proposition. The Court expresses the fear that employer liability might be automatic if a single severe act is allowed to create liability. This result, the Court says, would be inconsistent with the Supreme Court's reasons for creating the new affirmative defense. The affirmative defense set out in the two recent Supreme Court opinions, however, is not always a complete defense to liability. It can also be a defense to damages only. See Ellerth, 118 S. Ct. at 2270. If a supervisor abuses his authority to commit a sufficiently severe act of harassment, the employer's affirmative defense, if established, should serve to reduce the damages, but I don't understand why it should always erase the tort completely.

Second, I cannot agree that apparent-authority analysis would be inappropriate in the present case. Maybe it's just a question of words, but if the plaintiff reasonably believed that the supervisor in this case, despite not being any longer in the direct chain of command, still possessed a substantially equivalent power to affect her career, that would be enough, in my view, for Mr. Moreland to be treated as a "supervisor" within the meaning of the new rule. The Court quotes a passage from Ellerth as holding that "[a]pparent authority analysis . . . is inappropriate in this context." Id. at 2268. When the entire paragraph in which this sentence appears is read, however, it seems that the Supreme Court was not laying down a flat rule of law. A fuller quotation from the Ellerth opinion should make this clear:

In the usual case, a supervisor's harassment involves misuse of actual power, not the false impression of its existence. Apparent authority analysis therefore is inappropriate in this context.

The present case may be an "unusual" one in the terms of this analytical approach. Here, Mr. Moreland was not in the direct chain of command, but he was still a high ranking official in the area of sales, and, as I have said, the plaintiff may reasonably have believed that he had not lost much of his power, if any. It seems to me not inappropriate to characterize this approach as involving the concept of apparent authority. I believe the Court unduly restricts the analysis when it rules apparent authority out as a matter of law.

With these observations, I concur in the judgment remanding this case for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.