# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2617

_____

| | |
|---|---|
| Nicole Moisant, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Western |
| | *   District of Missouri. |
| Air Midwest, Inc., | * |
| | * |
| Appellee. | * |

_____

Submitted:  March 13, 2002

Filed:  June 6, 2002 (Corrected 6/11/02)

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Nicole Moisant appeals the decision of the district court to enter judgment as a matter of law in favor of her employer, Air Midwest, Inc., in her action under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e through § 2000e-17, and the Missouri Human Rights Act, *see* Mo. Rev. Stat. § 213.010 through § 213.137. We affirm the district court's judgment in part and reverse it in part.

## I.

Ms. Moisant claimed that Sam Stillwell, a ramp supervisor for Air Midwest, created a hostile work environment by harassing her on a number of occasions.  On

the first occasion, she testified, Mr. Stillwell made an offensive comment to her that she considered sexual harassment. On the second occasion, according to Ms. Moisant, Mr. Stillwell belittled her and criticized her work performance because she had rebuffed his advances. The third of the incidents that formed the basis of her complaint was very serious: Ms. Moisant said that Mr. Stillwell sexually assaulted her.

The circumstances under which an employer may be held liable under Title VII for the acts of a supervisory employee whose sexual harassment of a subordinate has created a hostile work environment are set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Under that case, an employer is vicariously liable unless the employer can affirmatively show, among other things, that the employee "unreasonably failed to take advantage of any preventive or corrective opportunities" that the employer provided or failed to avoid harm in some way. *Id.* at 807; *see also Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998). We believe that identical principles would apply to claims under the Missouri Human Rights Act. *See Lowry v. Powerscreen USB, Inc.,* 72 F. Supp. 2d 1061, 1070, 1073 n.12 (E.D. Mo. 1999).

The fact that Ms. Moisant did not complain to Air Midwest that Mr. Stillwell's behavior in the second incident that formed the basis of her complaint was in any way related to Mr. Stillwell's sexual harassment of her provides Air Midwest with a defense to liability based on that incident. Ms. Moisant did, however, take advantage of Air Midwest's procedures with respect to the other two incidents, and Air Midwest took prompt and appropriate action in response. In fact, after it investigated the third event, Air Midwest terminated Mr. Stillwell's employment.

Although Air Midwest acted promptly to provide appropriate remedies for the events of which Ms. Moisant complained, that does not immunize them from the vicarious liability that *Faragher* imposes. In granting judgment as a matter of law,

perhaps the district court had in mind the rule that prompt remedial action will shield an employer from liability when the complaint against it is bottomed on acts committed by a plaintiff's co-worker rather than by a supervisor. *See e.g.*, *Bailey v. Anchor Packaging*, 216 F.3d 720, 720 (8th Cir. 2000) (*per curiam*). But that is not this case. The present case was tried, at least partly, on the theory that Mr. Stillwell was Ms. Moisant's supervisor, and there was ample evidence in the record that he was her supervisor as that term is defined in the relevant cases. *See Faragher*, 524 U.S. at 807; *see also Todd v. Ortho Biotech, Inc.*, 175 F.3d 595, 598 (8th Cir. 1999). It follows that the district court erred with respect to Ms. Moisant's hostile environment claim and that the court's judgment must in this respect be reversed.

II.

Ms. Moisant also claimed that Air Midwest retaliated against her when she complained about Mr. Stillwell's actions and that Air Midwest constructively discharged her. In support of these claims, she points to evidence that after the third incident involving Mr. Stillwell, Air Midwest gave her leave with pay while it conducted an investigation, that Air Midwest thereafter reprimanded her in writing, that some of her co-workers treated her poorly, and that as a result of these occurrences she resigned her employment.

In order to make out a case of retaliation under Title VII, Ms. Moisant must show that she engaged in an activity protected by that act, that there was some adverse action taken against her (such as a tangible change in her job duties or working conditions), and that a causal connection existed between her participation in the protected activity and the adverse employment action. *See Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 713-14 (8th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001). We have held that to establish an adverse employment action an employee must show a "tangible change in duties or working conditions that constituted a material employment disadvantage," *Manning v. Metropolitan Life Ins. Co.*, 127 F.3d 686, 692 (8th Cir. 1997), or a "material change in the terms or conditions of her

employment," *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997). A claim under the Missouri Human Rights Act requires the same kind of showing. *See Buettner*, 216 F.3d at 715 n.8.

We conclude that what Ms. Moisant calls a "suspension with pay" was not an adverse employment action within the meaning of the relevant cases because Air Midwest simply allowed Ms. Moisant to remain at home to recover from the sexual assault that she said had occurred:  There was no change whatever in her position at Air Midwest.  The written reprimand of which she complains was the result of facts that came to light during Air Midwest's investigation of her complaint, and the record will not support a finding that it was the result of an investigation intended to harass or intimidate her.  Ms. Moisant therefore suffered no "material employment disadvantage," *Manning*, 127 F.3d at 692, as a result of either the leave with pay or the reprimand.

The poor treatment of Ms. Moisant by her co-workers cannot be characterized as an adverse action by Air Midwest.  Some of Ms. Moisant's co-workers evidently devised a petition to have her terminated, but the management of Air Midwest did not allow the petition to circulate, and it did not change Ms. Moisant's position at Air Midwest.  According to Ms. Moisant's testimony, two or three co-workers ignored her or refused to stay in the room with her after Mr. Stillwell's employment was terminated, but she admitted that ten or twelve co-workers, including everyone in Air Midwest's management and her supervisors, treated her fairly and with respect.  Ms. Moisant was allowed to leave work early, moreover, when the behavior of her co-workers bothered her.  Perhaps most importantly, Air Midwest was never afforded the opportunity to put a stop to the behavior or to determine if it would disappear over time because Ms. Moisant worked parts of only two days after Mr. Stillwell was terminated before resigning her employment.

Ms. Moisant's claim that she was constructively discharged likewise fails. To prevail on a claim that she was constructively discharged, an employee must show that her employer deliberately created objectively intolerable working conditions with the intention of forcing the employee to resign and that the employee actually resigned as a result of those conditions. *See Summit v. S-B Power Tool*, 121 F.3d 416, 421 (8th Cir. 1997), *cert. denied*, 523 U.S. 1004 (1998). The working conditions of which Ms. Moisant complains not only did not rise to the level of adverse actions by Air Midwest, they also did not create intolerable working conditions within the meaning of the relevant cases. *See id.*

### III.

For the reasons indicated, we affirm the trial court's judgment in part, reverse it in part and remand for further proceeding not inconsistent with this opinion.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.