# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-3138, 02-3452

_____

| | | |
|---|---|---|
| Collette Meriwether, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United |
| v. | * | States District Court for the |
| | * | Eastern District of Missouri. |
| Caraustar Packaging Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 13, 2003

Filed: April 18, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

The district court[1] granted summary judgment in favor of Caraustar Packaging Company (Caraustar) on Collette Meriwether's (Meriwether) employment claim for sexual harassment. Meriwether appeals, alleging the single instance of a co-worker grabbing her buttock constituted actionable sexual harassment against her employer, even though Caraustar took prompt remedial action. Meriwether also appeals the district court's award of attorney fees to Caraustar. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

## I.    BACKGROUND

Meriwether worked at Caraustar, a manufacturer of custom packaging products, as a "feeder-catcher" on the shift from 3:00 p.m. to 11:00 p.m.  As she left Caraustar at the end of her shift on February 21, 2001, another employee, Charlie Winston (Winston), walked up behind Meriwether and grabbed her buttock.  Meriwether described it as a grab with force, not merely a pinch, but a hold near her upper thigh.  Meriwether immediately turned and punched Winston in the chest, yelling at him.  The next day at work, Winston and another employee stopped Meriwether and joked about the incident.  Winston and the other employee briefly blocked Meriwether's passage.  Meriwether reported both incidents to Caraustar management on February 23, 2001.  Afterwards, she left work and was absent for five days.  Before returning to work she requested a shift change, which Caraustar granted.  Meriwether alleges she suffered anxiety and depression stemming from the assault.

Caraustar investigated Meriwether's complaint against Winston. Winston was first suspended for two days and, at the conclusion of the investigation, he was suspended for five more days. Winston was further required to review the company's harassment policy and to attend training concerning harassment.  Additionally, Caraustar warned Winston he would be terminated if he received another harassment complaint or interacted with Meriwether outside his job assignment.  Meriwether suffered no additional harassment.

Meriwether argues Winston's act of sexual physical aggression accompanied by later intimidation constituted hostile work environment sexual harassment. Additionally, she argues Caraustar's response was insufficient and not immediate. Finally, she argues Caraustar forced her to work in close proximity to Winston by allowing him on occasion to work overtime, overlapping her shift.  The district court granted summary judgment and also awarded attorney fees in favor of Caraustar. The district court determined Meriwether's claim was baseless after reviewing her

contradictory submissions. Specifically, the district court found Meriwether's verified complaint, EEOC filings and deposition contained contradictions indicating bad faith.

## II.    DISCUSSION
### A.    Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's grant of summary judgment de novo viewing the record in a light most favorable to Meriwether and giving her the benefit of all reasonable inferences supported by the record. See Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (standard of review).

An employee is subject to hostile work environment sexual harassment when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). To establish a prima facie case of hostile work environment sexual harassment by non-supervisory co-workers, a plaintiff "must establish all of the following: 1) membership in a protected group, 2) the occurrence of unwelcome harassment, 3) a causal nexus between the harassment and her membership in the protected group, 4) the harassment affected a term, condition, or privilege of employment, and 5) the employer knew or should have known of the harassment and failed to take prompt remedial action." Jacob-Mua, 289 F.3d at 522. The district court determined Meriwether failed to establish elements four and five of her prima facie case. We will address each in turn.

To meet her burden on element four, Meriwether must demonstrate the unwelcome harassment was sufficiently severe or pervasive as to affect a term, condition, or privilege of employment by creating an objectively hostile or abusive environment. See Bowen v. Mo. Dep't of Soc. Servs., 311 F.3d 878, 883 (8th Cir. 2002). To support a cause of action, "conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." Alagna v. Smithville R-II Sch. Dist., No. 02-3057, 2003 WL 1740477, at *4 (8th Cir. Apr. 3, 2003). Although "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment,'" Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998), we have recognized such extremely serious incidents may occur. See Moring v. Ark. Dep't of Corr., 243 F.3d 452, 454-57 (8th Cir. 2001) (jury question where during a business trip, a supervisor would not leave Moring's hotel room for several hours, insisted she "owed" him for her job, attempted to kiss her, and touched her thigh). Finally, we must evaluate all of the circumstances of a case, rather than merely focus on the initial episode of harassment. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270 (2001).

We agree with the district court that the lone grabbing incident and subsequent encounter does not rise to the level of severe or pervasive conduct to alter the conditions of Meriwether's employment and create an abusive working environment. See Alagna, 2003 WL 1740477, at *1-2, 4 (finding male teacher's inappropriate conduct toward female faculty member over two school years, such as touching her, commenting on her appearance, saying "I love you," exhibiting a demeanor of a sexual nature, calling her many times at home, and giving her two romance novels and another gift, was "not sufficiently severe or pervasive"); Duncan v. Gen. Motors Corp., 300 F.3d 928, 931-35 (8th Cir. 2002) (finding no severe or pervasive harassment where male co-worker made a pass at Duncan who had to work with him for three years, suffering additional boorish behavior until she resigned); see also Hawkins v. Holloway, 316 F.3d 777, 782-83, 785-86 (8th Cir. 2003) (finding sheriff did not violate his employees' substantive due process rights when he repeatedly

-4-

made sexually suggestive comments and grabbed, pinched, and poked their clothed buttocks on numerous occasions); Berryhill v. Schriro, 137 F.3d 1073, 1075-76 (8th Cir. 1998) (finding no objectively serious injury where inmate was grabbed on buttocks by two of four security guards present during incident which lasted one minute). Meriwether failed to establish the fourth element as a matter of law.

Under the fifth prima facie element, Caraustar may be held liable for Winston's conduct only if Caraustar "knew or should have known of the harassment and failed to take prompt remedial action." Jacob-Mua, 289 F.3d at 522. Prompt remedial action shields an employer from liability when the harassing conduct is committed by a co-worker rather than by a supervisor. See Moisant v. Air Midwest, Inc., 291 F.3d 1028, 1031 (8th Cir. 2002). We consider several factors in assessing the reasonableness of an employer's remedial measures: the temporal proximity between the notice and remedial action, the disciplinary or preventive measures taken, and whether the measures ended the harassment. Stuart v. Gen. Motors Corp., 217 F.3d 621, 633 (8th Cir. 2000).

Once Caraustar knew of Winston's inappropriate conduct, Caraustar immediately investigated Meriwether's complaint. Caraustar initially suspended Winston for two days. Then, at the conclusion of the investigation, but within one week of the incident, Caraustar suspended Winston for an additional five days, required him to undergo training, and warned him he would be terminated if another incident occurred. Winston did not sexually harass Meriwether again. Caraustar's actions were prompt and effective, as a matter of law. Because Meriwether failed to establish two of the necessary five elements as a matter of law, her hostile work environment sexual harassment claim fails.

## B.    Attorney Fees

We review for an abuse of discretion a district court's attorney fees award. Warren v. Prejean, 301 F.3d 893, 904 (8th Cir. 2002). A court may award a

prevailing defendant attorney fees under Title VII only if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Meriwether's deposition testimony contradicted eight of the twenty-one paragraphs of her verified complaint. Her EEOC complaint was also inconsistent. Based on the facts of this case, including the material contradictions in Meriwether's submissions, we find no abuse of discretion in awarding attorney fees or in the amount assessed. We, however, decline Caraustar's invitation to assess attorney fees on appeal.

## C. Motions

Caraustar moved to strike portions of Meriwether's brief and an appendix. We grant Caraustar's motion because such evidence was not before the district court at the time of its summary judgment ruling. See Fed. R. App. P. 10(a); Shea v. Esensten, 208 F.3d 712, 720 (8th Cir. 2000). For the same reason, we deny Meriwether's motion to supplement the record on appeal.

## III. CONCLUSION

We affirm the district court's grant of summary judgment in favor of Caraustar and the award of attorney fees, but deny attorney fees for this appeal. We also grant Caraustar's motion to strike, and deny Meriwether's motion to supplement the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-