# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1693

_____

Jamie Hamilton,                              *
                                             *
                    Appellant,               *      Appeal from the United States
                                             *      District Court for the Eastern
        v.                                   *      District of Missouri.
                                             *
Onsite Companies, Inc.,                      *          [UNPUBLISHED]
                                             *
                    Appellees.               *

_____

Submitted: January 12, 2005
Filed: January 26, 2005

_____

Before WOLLMAN, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Jamie Hamilton worked as a contract employee for Onsite Companies, Inc., a nationwide temporary staffing company, at Hypercom Horizon, Inc. in their customer service department. Hamilton claimed she was raped at work by another Onsite contract employee who was assigned to Hypercom's shipping area. The coworker, who had become friends with Hamilton, claimed the incident was consensual. After Hamilton reported the incident, Onsite and Hypercom conducted investigations. Hypercom assured Hamilton the coworker would not work for Hypercom again. Onsite also removed the coworker from the worksite and reprimanded him. Hamilton resigned from both Hypercom and Onsite two weeks later.

Two years later, Hamilton brought this employment discrimination case claiming hostile work environment sexual harassment and retaliation. The district court[*] granted summary judgment to Onsite, concluding Onsite's response to Hamilton's complaint was prompt and adequate as a matter of law, and its investigation ended the harassment. The district court also held Hamilton did not make a case for constructive discharge. Hamilton appeals.

To establish a prima facie case of hostile work environment sexual harassment by a nonsupervisory coworker, Hamilton must show, among other things, that Onsite knew or should have known of the harassment and failed to take prompt remedial action. Meriwether v. Caraustar Packaging Co., 326 F.3d 990, 993-94 (8th Cir. 2003). Hamilton contends the district court committed error in concluding Onsite's investigation was prompt and adequate. We disagree. Onsite interviewed Hamilton's coworker four days after she reported the incident. During Hamilton's interview the next day, Onsite asked Hamilton how she wanted the matter resolved, and she stated she would like to continue working at Hypercom, but did not want to work with the coworker again. Within four business days of Hamilton's complaint, Onsite resolved the investigation and complied with Hamilton's request for resolution, even though the investigation's findings were inconclusive. Further, Onsite's actions effectively ended the harassment because the coworker quit his job with Onsite after his interview and thus was never placed at another client site after the incident.

To establish a prima facie case of retaliation, Hamilton had to show Onsite took adverse action against her because she filed a charge of harassment. Hamilton claims her resignation amounted to a constructive discharge, and the district court committed error in concluding otherwise. Hamilton stated she resigned because she was uncomfortable working at Hypercom and because she was afraid she might be

_____

[*]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

-2-

reassigned to work with the coworker at some point in the future. Hamilton did not communicate her concerns to Onsite, however. Hamilton also failed to give Onsite a change to address her concerns and refused Onsite's offer to find her another assignment. We agree with the district court that there was no constructive discharge as a matter of law because Hamilton presented no evidence that Onsite's actions were intended to force her to quit or that it was reasonably foreseeable to Onsite that Hamilton would quit as a consequence of its action. Hamilton also failed to allow Onsite a reasonable chance to resolve the situation before resigning. See Turner v. Honeywell Fed. Mfg. & Tech., LLC, 336 F.3d 716, 724 (8th Cir. 2003).

We thus affirm the district court's grant of summary judgment to Onsite.

_____