# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3000

_____

Teresa Sutherland,     *
    *
       Plaintiff-Appellant,     *
    *
Valerie Corey,     *
    *
       Plaintiff,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    Western District of Missouri.
Missouri Department     *
of Corrections,     *
    *
       Defendant-Appellee.     *

_____

Submitted:  March 10, 2009
Filed:  September 8, 2009

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Teresa Lynn Sutherland sued her employer, the Missouri Department of Corrections, for discrimination and sexual harassment under Title VII, 42  U.S.C.

§ 2000e. The district court[1] granted summary judgment to the Department. Sutherland appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

A grant of summary judgment is reviewed de novo. ***Anda v. Wickes Furniture Co.***, 517 F.3d 526, 531 (8th Cir. 2008). The non-movant's evidence is taken as true, drawing all reasonable favorable inferences from it, and the movant must be entitled to judgment as a matter of law. ***Alagna v. Smithville R-II Sch. Dist.***, 324 F.3d 975, 979 (8th Cir. 2003). The facts here are those construed favorably to Sutherland.

Sutherland, a corrections officer, has been employed by the Department since 1999. She alleges Captain Raymond Alvin Lewis, a co-worker, sexually harassed her on August 27, 2005. Both before and after this incident, Sutherland filed memorandums and grievances alleging she had been treated unfairly by female visiting-room staff and subjected to a hostile work environment. In July 2005, she was ordered to take a drug screen and believed it was in retaliation for these earlier grievances. Although Lewis previously had been her supervisor, he was not her supervisor at the time of the harassment.

On August 27, Lewis was alone with Sutherland in a stairwell at work. He told her he was happy she was transferring from duty in the "snake pit" (visiting room) and put his hand on her shoulder. Then he told her, if they worked together, "they would have fun" and he "would take care of her . . . if you know what I mean." He began rubbing her arm, eventually moving up and down her arm and touching the side of her

_____

[1]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for decision by the consent of the parties pursuant to 28 U.S.C. § 636(c).

breast and grabbing it. She feared for her safety. After a few moments, she broke away, ran to the bathroom, but then pretended that nothing had happened.

On September 1, 2005, she filed a written report about the touching. Lewis was put on administrative leave for about 30 days. Lewis was ordered to attend cross-gender communication classes after his return to work, and to have no contact with Sutherland. After the incident, the Department did not schedule the two to work together. There was no further contact between them.

The Department conducted an investigation. Sutherland contends the investigator was biased against her and the investigation was incomplete. During the initial investigation, the investigator did not interview women who worked on different shifts than Sutherland. The investigator reopened the investigation after Sutherland informed Department officials that Lewis had harassed other female employees. Following the investigation, Sutherland was ordered to attend cross-gender communication classes, which she did not do. The Department did not tell her when Lewis would be returning to work, which she alleges was harassment. Dissatisfied with the Department's investigation, Sutherland filed a Charge of Discrimination on November 7, 2005. She continued to file numerous other grievances with the Department.

After filing the Charge of Discrimination, she was "written up" for spending too much time looking up the employee grievance policies and having a "ragged appearance." She was subjected to drug screens. She was intimidated and badgered by co-workers, including comments that other employees should be "be careful" around her because she would file harassment charges. She also asserts other co-workers threatened to "break her legs" if she continued to allege her co-employees were harassing her.

Her performance rating was lowered from "highly successful" to "successful" three months after filing her initial discrimination charge. After she filed this suit, newspaper clippings regarding it were anonymously placed on a table in the workplace. Upon learning about the clippings, the superintendent of the institution ordered them removed. Lewis's wife (also a Department employee) solicited letters of support for him onsite during work hours (until the Department ordered her to stop). Sutherland filed a second discrimination charge for retaliation on June 7, 2006.

On April 5, 2007, Sutherland requested and received a transfer to another facility. She believes her new co-workers retaliated against her by spilling coffee on her and also trying to intimidate her. She has not applied for any promotions, nor has she had a change in pay grade, hours, or days off since she filed any of her complaints.

Sutherland sued the Department alleging sexual discrimination, sexual harassment, and a hostile work environment. She also contends the Department retaliated against her for making complaints about the harassment, the perceived discrimination, and a hostile work environment.

II.

To prove a sexual harassment claim of hostile work environment, Sutherland must show (1) she was a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; (4) that it "affected a term, condition, or privilege of employment;" and (5) that her employer knew or should have known of the harassment and failed to take appropriate remedial action. *Id.*

The Department does not contest the first three elements. The fourth element, actionable harm, is a high threshold. ***Duncan v. General Motors Corp.***, 300 F.3d 928, 934 (8th Cir. 2002). Sutherland must show that "the workplace is permeated with

discriminatory intimidation, ridicule, and insult." *Id.*, *quoting* ***Harris v. Forklift Sys., Inc.***, 510 U.S. 17, 21 (1993). The harassment must be so severe or pervasive that it alters the employment conditions. ***Anda***, 517 F.3d at 531. A sexually objectionable environment must be both subjectively and objectively offensive. ***Alagna***, 324 F.3d at 980. The totality of the circumstances is examined to determine if the environment was sufficiently hostile. ***Nitsche v. CEO of Osage Valley Elec. Coop.***, 446 F.3d 841, 846 (8th Cir. 2006). Sutherland must prove the conduct was "extreme in nature and not merely rude or unpleasant." ***Id.***

Sutherland asserts *Hathaway v. Runyan*, 132 F.3d 1214, 1221-22 (8th Cir. 1997) requires a jury to decide if the "actionable harm" requirement is met. In *Hathaway* there were two instances of physical touching and other offending behavior. ***Id.*** The jury had returned a verdict for Hathaway, determining there was a connection between the physical advances and the other offending behavior. ***Id.*** The district court overturned the verdict, granting judgment as a matter of law to the defendant. ***Id.*** at 1220. This court found that there was sufficient evidence for the jury to conclude as it did. ***Id.*** at 1225. This court did not hold that actionable harm must always be determined by a jury. Other, more recent decisions affirm summary judgment in hostile work environment cases. *See, e.g.*, ***Anderson v. Family Dollar Stores of Ark., Inc.***, ___ F.3d ___, ___, (8th Cir. 2009), No. 08-3061, slip op. at 5-6 (8th Cir. September 1, 2009); ***Vajdl v. Mesabi Acad. of Kidspace, Inc.***, 484 F.3d 546, 552 (8th Cir. 2007); ***Nitsche***, 446 F.3d at 847; ***Meriwether v. Caraustar Packaging Co.***, 326 F.3d 990, 992-93 (8th Cir. 2003).

The August 2005 incident with Lewis involved offensive touching. The other harassment alleged did not involve Lewis or physical contact. Sutherland must show the alleged harassment was severe or pervasive. ***Anda,*** 517 F.3d at 531. Offensive conduct is insufficient to support a claim if it does not result in the requisite effect on the terms and conditions of employment. ***Woodland v. Joseph T. Ryerson & Son, Inc.***, 302 F.3d 839, 843 (8th Cir. 2002). Taking the facts favorably to Sutherland,

they do not constitute actionable harassment under Title VII. The district court correctly granted summary judgment on the hostile work environment claim.

## III.

To establish a retaliation claim, Sutherland must show (1) she engaged in a protected activity; (2) a reasonable person would have perceived the alleged retaliatory action materially adverse; and (3) this adverse action was causally linked to her protected conduct. ***Higgins v. Gonzales***, 481 F.3d 578, 589 (8th Cir. 2007).

The filing of incident reports (and grievances), Charges of Discrimination, and this lawsuit are protected activity. *See **Ogden v. Wax Works, Inc.***, 214 F.3d 999, 1007 (8th Cir. 2000). However, Sutherland must prove that a reasonable person would perceive as retaliatory the actions she finds offensive. ***Higgins***, 481 F.3d at 589. The Supreme Court has stated that an employee is not protected "from all retaliation, but from retaliation that produces an injury or harm." ***Burlington N. & Santa Fe Ry. v. White***, 548 U.S. 53, 67 (2006).

Sutherland alleges the re-classification of her performance from "highly successful" to "successful" three months after her complaint is a material adverse action done in retaliation for filing a charge of discrimination against Lewis. Following the new evaluation, Sutherland had no reductions in pay, salary, benefits, or prestige. A lower satisfactory evaluation, by itself, does not provide a material alteration of Sutherland's employment and is not actionable. *See **Clegg v. Arkansas Dep't of Corr.***, 496 F.3d 922, 927 (8th Cir. 2007).

Sutherland complains that the actions of non-supervisory co-workers are retaliation. Petty slights and minor annoyances in the workplace, as well as personality conflicts and snubs by co-workers, are not actionable. *See **Burlington***, 548 U.S. at 68. The actions by Sutherland's co-workers are not sufficient to support

a conclusion that they were materially adverse retaliatory actions. *See id.*; *Clegg*, 496 F.3d at 929.

Sutherland did not establish the second requirement for a retaliation claim. The district court properly granted summary judgment on this claim.

## IV.

The judgment of the district court is affirmed.

_____