# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2007

_____

Cheryl D. Williams,

        Appellant,

v.

John Rehtmeyer; Robert Peters; City
of Omaha Planning Department,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: October 7, 2011
Filed: November 16, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Cheryl Williams appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination action. Upon careful de novo review, see Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011), we affirm. We conclude that the district court properly dismissed Williams's failure-to-promote claim without prejudice, because she failed to exhaust this claim

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

administratively.  See Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) (plaintiff may seek relief only for discrimination that grows out of or is like or reasonably related to substance of allegations in charge).  We also conclude that Williams failed to present a prima facie case of retaliation or discrimination, because none of the conduct of which she complained constituted actionable adverse treatment.  See Sutherland v. Mo. Dep't of Corr., 580 F.3d 748, 752 (8th Cir. 2009) (to establish prima facie case of retaliation, plaintiff must show, inter alia, reasonable person would have perceived alleged retaliatory action as materially adverse; petty slights and minor annoyances in workplace, as well as personality conflicts and snubs by co-workers, are not actionable); Higgins v. Gonzales, 481 F.3d 578, 584-85 (8th Cir. 2007) (job reassignment involving no corresponding reduction in salary, benefits, or prestige is insufficient to establish adverse employment action; minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage do not constitute adverse employment actions); cf. Elnashar v. Speedway SuperAmerica, LLC, 484 F.3d 1046, 1055-56 (8th Cir. 2007) (to establish prima facie case of discrimination, plaintiff must show, inter alia, he was subjected to adverse employment action; plaintiff failed to present prima facie case that employer discriminated against him by demoting him where demotion did not entail significant change in working conditions or diminution in his title, salary, or benefits).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____