# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3302
No. 11-3848

_____

| | | |
|---|---|---|
| United States of America ex rel. Matt Onnen, | * * * | |
| Plaintiff- Appellant/ Cross Appellee, | * * * * | |
| v. | * * * | |
| Sioux Falls Independent School District No. 49-5, a local government agency, et al., | * * * * * * | Appeals from the United States District Court for the District of South Dakota. |
| Defendants - Appellees/ Cross Appellants, | * * * * | |
| ------------------------------------------------- | * | |
| United States of America, | * * | |
| Amicus Curiae. | * | |

_____

Submitted:  May 15, 2012
Filed: August 9, 2012

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Southeast Technical Institute (STI) in Sioux Falls, South Dakota, terminated Registrar Matt Onnen in 2007 for awarding degrees to students who had not earned them, not awarding degrees when students had earned them, and failing to verify students for graduation. STI is a public post-secondary technical school funded by the State through Sioux Falls School District No. 49-5 and governed by the Sioux Falls School Board. Onnen appealed; the termination was upheld by the School Board and, ultimately, the Supreme Court of South Dakota. Onnen v. Sioux Falls Indep. Sch. Dist. #49-5, 801 N.W.2d 752 (S.D. 2011). Meanwhile, Onnen filed this *qui tam* Complaint in federal court against the School District, its superintendent, and the School Board members, alleging that defendants violated the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.*, by knowingly submitting false or fraudulent claims to the federal government for student grants and guaranteed loans. Onnen did not sue STI or any STI employee.

The False Claims Act provides that any person who knowingly presents a false or fraudulent claim for payment or approval by the federal government, or knowingly makes or uses a false record or statement that is material to a false or fraudulent claim, is liable to the United States for a civil penalty plus three times the damages incurred because of the violation. 31 U.S.C. § 3729(a)(1). Onnen claims that STI obtained federal grants and student loan guarantees after signing a Program Participation Agreement (PPA) that falsely certified its compliance with mandatory requirements of 20 U.S.C. § 1094(a), part of Title IV of the Higher Education Act of 1965, Pub. L. No. 89-329, 79 Stat. 1219, 1232, and the Department of Education's implementing regulations. More specifically, he alleged that STI falsified graduation surveys, improperly claimed that a diesel technology program was certified, violated the Family Educational Rights and Privacy Act, falsely claimed faculty qualifications, and awarded unearned degrees. The Complaint asserted that STI's false certifications

-2-

of compliance caused the federal government to pay $3,618,586.00 in grants and guaranteed student loans.

After discovery and protracted, contentious pretrial proceedings, defendants moved for summary judgment. In response, Onnen submitted only a conclusory affidavit. On September 21, 2011, the district court[1] granted summary judgment because Onnen's conclusory affidavit was insufficient evidence that STI signed the PPA either knowing STI was not in compliance or intending not to comply:

> At the summary judgment stage Onnen must produce something more than speculation. He must also produce something more than a promise made but not performed. And he must produce something more than merely showing that mistakes have been made.

Alternatively, construing our recent decision in United States ex rel. Vigil v. Nelnet, Inc., 639 F.3d 791 (8th Cir. 2011), the district court ruled that the "vast regulatory scheme" governing STI's accreditation and participation in these federal programs precludes Onnen's FCA claims. The court then denied defendants' motion for an award of attorney's fees. Onnen appeals the grant of summary judgment. Defendants cross appeal the denial of attorney's fees. Reviewing the grant of summary judgment in an FCA case *de novo*, we affirm all but the district court's alternative ground. United States ex rel. Golden v. Ark. Game & Fish Comm'n, 333 F.3d 867, 870 (8th Cir. 2003) (standard of review), cert. denied, 540 U.S. 1108 (2004).

1. On appeal, Onnen does not argue the district court erred in concluding that his affidavit was insufficient to prove that any defendant committed a knowing

---

[1]The Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

violation of 31 U.S.C. § 3729(a)(1).[2] Rather, he argues that defendants' failure "to make mandated disclosures deprived the Trial Court of sufficient opportunity to make an appropriate decision." This contention is based upon the timing of expert depositions and the summary judgment proceedings in the district court. When the summary judgment hearing was held on September 12, after the close of discovery, the parties were aware that trial depositions of two experts, one for each side, had been scheduled (or rescheduled) to be taken on September 16. Onnen argues the deposition delays were attributable to defendants' tardy discovery disclosures, and the deposition testimony -- unavailable during the summary judgment proceedings -- "verifies the Plaintiff's affidavit" the district court found insufficient.

The fatal flaw in this contention is that Onnen did not present it to the district court. He had many opportunities to do so. On or before September 12, he could have requested that the summary judgment hearing be postponed until after the depositions were completed. When the depositions concluded on September 16, he could have asked the district court to defer its ruling until the deposition transcripts were prepared and filed. After the court granted summary judgment on September 21, he could have submitted the transcripts and moved for reconsideration, arguing the depositions supplied the evidentiary support found lacking in his affidavit. Onnen invoked none of these obvious and readily available procedures.

---

[2]The district court correctly ruled that, to avoid summary judgment, Onnen must produce sufficient evidence that a defendant knowingly submitted a false or fraudulent claim, or knowingly made or used a false record or statement material to a false or fraudulent claim. "[I]nnocent mistakes and negligence are not offenses under the Act. In short, the claim must be a lie." United States v. Taber Extrusions, LP, 341 F.3d 843, 845 (8th Cir. 2003) (quotation omitted). Onnen admitted he had no evidence that any named defendant "knowingly submitted a false claim" and no evidence any defendant was aware of the alleged ongoing misrepresentations. This lack of evidence was fatal. See Golden, 333 F.3d at 870; Rose-Maston v. NMR Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998).

In reviewing the grant of summary judgment, we "consider only evidentiary materials that were before the trial court at the time the summary judgment ruling was made." Barry v. Barry, 78 F.3d 375, 379 (8th Cir. 1996). Although appellate courts have a "rarely exercised" authority to enlarge the record on appeal and remand for the consideration of new evidence that the prevailing party's misconduct kept from being considered, see Dakota Industries, Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993), we decline to exercise that authority here because of Onnen's inexcusable neglect in failing to raise the misconduct issue to a district court that had previously considered multiple allegations of discovery misconduct. For the same reason, we deny Onnen's motion to expand the record on appeal to include the deposition transcripts and STI documents he received before the summary judgment hearing. See Meriwether v. Caraustar Pkg. Co., 326 F.3d 990, 994 (8th Cir. 2003).

The grant of summary judgment is affirmed.

2. Onnen further argues the district court erred in refusing to rule on defendants' claim that STI is a state agency entitled to sovereign immunity.[3] This contention is frivolous. Onnen did not sue STI or its employees. He sued the Sioux Falls school district and its officials and argued these defendants have *respondeat superior* liability for STI's FCA violations. "[M]ost local school districts do not enjoy Eleventh Amendment immunity because they are dependent on local taxes and controlled by local governmental entities," whereas questions regarding the immunity of community and technical colleges "tend to be difficult and very fact-specific." Hadley v. N. Ark. Community Tech. Coll., 76 F.3d 1437, 1438-39, 1442 n.9 (8th Cir. 1996), cert. denied, 519 U.S. 1148 (1997). Therefore, the district court prudently looked first to the merits of Onnen's claims against the School District defendants.

---

[3]A state agency is not a "person" subject to FCA liability. Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 788 (2000).

Its resolution of the merits rendered moot the question whether STI would be entitled to sovereign immunity.

3. At the outset of this lawsuit, the United States declined to intervene and proceed with the action. See 31 U.S.C. § 3730(b)(2). However, after the cross-appeals were filed, we granted the government's motions to participate as *amicus curiae*, in support of neither party, and to participate in oral argument, for the purpose of opposing the district court's alternative ruling that FCA actions based upon violations of Title IV of the Higher Education Act are inconsistent with, and thus precluded by, the comprehensive administrative remedies and sanctions available to the government under that Act. We agree with the government's contention.

In ruling otherwise, the district court focused on a concluding sentence to Part III.A of our opinion in Vigil, 639 F.3d at 799, a case that raised far more complex FCA issues than this case:

> When the [Higher Education Act] creates "a complex monitoring and remedial scheme that ends [program] payments only as a last resort," it would "be curious to read the FCA, a statute intended to protect the government's fiscal interests, to undermine the government's own regulatory procedures." United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc., 543 F.3d 1211, 1222 (10th Cir. 2008).

The issue in this Part of the Vigil opinion was whether *materially* false or fraudulent claims had been presented to the government, an issue the district court did not need to reach in this case.

"The FCA is not concerned with regulatory noncompliance." Id. at 795. "The FCA attaches liability, not to the underlying fraudulent activity, but to the claim for payment." Costner v. URS Consultants, Inc., 153 F.3d 667, 677 (8th Cir. 1998) (quotation omitted). The scope of regulatory requirements and sanctions may affect

the fact-intensive issue of whether a specific type of regulatory non-compliance resulted in a materially false claim for a specific government payment. The issue is often complex and may require inquiry into whether a regulatory requirement was a precondition to the government payment or merely a condition of continuing participation in a government program. See, e.g., United States ex rel. Wilkins v. United Health Group, Inc., 659 F.3d 295, 306-11 (3d Cir. 2011); Vigil, 639 F.3d at 797-800; Conner, 543 F.3d at 1220; United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1176-77 (9th Cir. 2006), cert. denied, 550 U.S. 903 (2007); United States ex rel. Main v. Oakland City Univ., 426 F.3d 914, 916-17 (7th Cir. 2005), cert. denied, 547 U.S. 1071 (2006); United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 913-17 (4th Cir. 2003); United States ex rel. Mikes v. Straus, 274 F.3d 687, 699 (2d Cir. 2001). But none of these cases has held that a complex regime of regulatory sanctions *precludes* the Attorney General from suing under the FCA when the government has been damaged by a materially false or fraudulent claim for payment or by use of a record or statement in a materially false claim. We agree with the government that "Congress intended to allow the government to choose among a variety of remedies, both statutory and administrative, to combat fraud." Accordingly, we reject the district court's alternative ground for granting defendants summary judgment in this case.

4. Defendants cross appeal the district court's denial of their motion for an award of attorney's fees, which the FCA authorizes if "the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). The legislative history suggests, quite logically, that in determining whether to award attorney's fees under the FCA, courts should apply the familiar standards applied under 42 U.S.C. § 1988. See S. Rep. No. 99-345, at 29, reprinted in 1986 U.S.C.C.A.N. 5266, 5294. We review these determinations for abuse of discretion. See Peter v. Jax, 187 F.3d 829, 833 (8th Cir. 1999) (§ 1988 case), cert. denied, 529 U.S. 1098 (2000); Mikes, 274 F.3d at 704 (FCA case). "In reviewing the district court's denial, we are mindful,

'The trial court knows the case best.'" <u>Wescott Agri-Products, Inc. v. Sterling State Bank, Inc.</u>, 682 F.3d 1091, 1094 (8th Cir. 2012) (quotation omitted).

Here, the district court concluded that Onnen's lawsuit was not clearly frivolous, vexatious, or harassing because he survived defendants' motion to dismiss, and discovery revealed "objective factual support for Onnen's claim . . . that some unqualified persons received degrees, that some teachers were not credentialed as represented, and that at least one program was not in certification as STI represented." Although we would also have affirmed an award of attorney's fees because the record contains indications that Onnen's unsupported claims were asserted primarily for vengeful harassment, we conclude the district court did not abuse its substantial discretion in denying an award of attorney's fees. Our conclusion is influenced somewhat by defendants' urging of an alternative ground that prompted the Attorney General to appear as *amicus curiae* to urge a proper interpretation of the relevant federal statutes. It is appropriate that defendants pay their own attorney's fees when they chose, unnecessarily, to use this case in a misguided attempt to obtain blanket immunity from FCA liability.

We deny Onnen's motion to supplement the record on appeal and affirm the judgment of the district court.

_____